Yax Caniz v. Bondi

BIA
Christensen, IJ
A240 429 545/546

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> RAYMOND J. LOHIER, JR.,
> MYRNA PÉREZ,
>> *Circuit Judges.*

_____

MARITZA SELENE YAX CANIZ, E.A.R.Y.,
> *Petitioners,*

v.                                                            **24-3319**
                                                             **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONERS:** Edgar L. Fankbonner, New York, NY.

**FOR RESPONDENT:** Brett A. Shumate, Assistant Attorney General; Sabatino F. Leo, Assistant Director; Katie E. Rourke, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Maritza Selene Yax Caniz and her minor child, natives and citizens of Guatemala, seek review of a December 3, 2024 decision of the BIA affirming a June 13, 2024 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maritza Selene Yax Caniz*, Nos. A 240 429 545/546 (B.I.A. Dec. 3, 2024), *aff'g* Nos. A 240 429 545/546 (Immig. Ct. N.Y. City June 13, 2024). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA and assume credibility as the BIA did. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding "under the substantial evidence standard,"

and questions of law and the application of law to fact *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282–83 (2d Cir. 2006) (reviewing a nexus determination for substantial evidence). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . ." 8 U.S.C. § 1252(b)(4)(B).

Yax Caniz alleged that a gang extorted and physically assaulted her and her family to obtain money. To establish eligibility for asylum and withholding of removal, she had to show past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason" for the persecution. *Id.* § 1158(b)(1)(B)(i); *see id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal). General conditions of crime and violence in a country are not grounds for asylum and withholding of removal. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999). Rather, an applicant must "show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from" a protected ground. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). Substantial

3

evidence supports the agency's determination that Yax Caniz did not establish a nexus between the gang members' extortion and her proposed social group of her family.

Yax-Caniz testified that the gang members wanted money, that she knew of other people who suffered similar harm, and that the gang members may have targeted her family because her grandfather owned many properties. This testimony does not compel the conclusion that the gang targeted her because of her membership in her family. *See Quituizaca*, 52 F.4th at 114–16 (concluding that the record did not compel the conclusion that a protected ground was "one central reason" for gang abuse when circumstances suggested that the gang was motivated by ordinary criminal incentives); *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985) (defining persecution as harm inflicted to "punish" a person "for possessing a belief or characteristic a persecutor sought to overcome"). Extortion based on "perceived ability to pay" is not a protected ground for asylum and withholding. *Garcia-Aranda v. Garland*, 53 F.4th 752, 758 (2d Cir. 2022); *cf. Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA.").

4

Because the nexus determination is dispositive of asylum and withholding of removal, we do not reach Yax Cani's claim that the agency erred by requiring her to show she could not relocate. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Yax Caniz's remaining arguments fail. Contrary to her claim that the IJ failed to develop the record, the IJ asked her why the gang had targeted her. *See Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006) ("[A]n [IJ] has a responsibility to function as a neutral, impartial arbiter and must be careful to refrain from assuming the role of advocate for either party. . . . During the course of developing a sound and useful record, an IJ must, when appropriate, question an applicant in order, for example, to probe inconsistencies and develop the relevant facts."). Yax Caniz has not identified what additional questions should have been asked or what additional information she could have provided as required to state a due process claim. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (quotations omitted)). Finally, by not challenging the agency's determination that she failed to show government acquiescence to torture, Yax

Caniz abandoned review of a dispositive basis for the denial of her CAT claim. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in the appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)); *Garcia-Aranda*, 53 F.4th at 758–59 (holding that where feared harm is from private actors, a CAT analysis is a "two-step" process requiring the applicant to show likely torture and that the government would acquiesce to that torture").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court